PATTERSON et al. v. ROTO-HANGAR CO., Inc., et al.

Civ. No. 8475–M.

United States District Court
S. D. California, Central Division.

March 29, 1949.

Memorandum of Decision Aug. 3, 1949.

Henry T. Moore and Walter R. Trinkaus, Los Angeles, Cal., for plaintiffs.

Youngdahl & Glick, Los Angeles, Cal., for defendants.

McCORMICK, Chief Judge.

A careful study of the entire record before the court in this action, as well as consideration of the briefs filed by respective counsel in the cause, impels the court to conclude that under the present state of the record no secure findings of fact or conclusions of law can be entered in the action.

The plaintiffs by their complaint seek a decree establishing infringement of United States Letters Patent No. 1,855,534. No issue is squarely tendered by the answer of the defendants as to the validity of the patent in suit or the inventive quality of the "turret type hangar for airplanes," and while it is true that the issuance of the patent in suit is at least prima facie or presumptive evidence of validity, there is no adequate record before the court which enables the court to construe, interpret and decisively determine the scope that is attributable to the claim of the patent in suit; there being merely one claim asserted in Patent No. 1,855,534, and in order to judicially determine the issue and question of infringement by defendants' structure and device it is essential for the court to adjudicate the validity of the patent, and if there be invention adequately claimed therein, the place in the art wherein the invention, if any, should be judicially classified.

The parties have not presented the file wrapper or any official memorials in the Patent Office leading up to the issuance of

the patent in suit, and although it appears from the separate answer of defendants that upon an application for patent by them proceedings in the United States Patent Office have received its serial No. 659,699, no memorials or citations or references pertaining to such application for patent have been presented to this court for consideration in this cause.

 It is well and decisively settled that the inventive aspects of a patent are to be ascertained and determined by the state of the specific art involved in the patent in suit, and that a new application of an old device may not be patented if the result claimed as new is the same in character as the original result, even though the new result had not before been contemplated. See Cuno Engineering Corp. v. Automatic Devices Corp., 314 U.S. 84, 62 S.Ct. 37, 86 L.Ed. 58, and Schick Service, Inc., et al., Appellant, v. Jones, Appellee, 9 Cir., 173 F. 2d 969.

It is obvious that turntables are old in the art, and the sole inventive characteristic of the structure described and claimed in Patent No. 1,855,534 pertains to the adaptation of the structure claimed for storing aircraft in hangars.

 The litigants have given to the court no history of the art involved and it is not a burden of the court to independently endeavor to ascertain the state of the art at the time when it is claimed the concept which ripened into the patent in suit originated. It seems clear that roundhouse activities for locomotives and other forms of transportation media will elucidate inventive qualities, if any, of the patent in suit and thereby enable the court with precision to consider and decide whether the accused construction and structure of the defendants constitutes infringement of Patent No. 1,855,534.

 The court should not undertake on the meager record before it to adjudicate either the discovery and inventive elements of the patent in suit, or the concomitant question of infringement without more light from the litigants than is found in the record before the court, and the bet-ter practice in this infringement case is to ab initio inquire fully into the validity of the patent. Sinclair & Carroll Co., Inc., v. Interchemical Corp., 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644.

 Even if full allowance under the law be extended to a patentee the presumption of priority and novelty which arises from the granting of a patent is dependent upon the state of the art that exists and that has been scrutinized in the Patent Office before the issuance of the patent in controversy. See Hildreth v. Mastoras, 257 U.S. 27, 42 S.Ct. 20, 66 L.Ed. 112. And where the crucial litigated question is that of infringement by accused structures, the only way that the court can securely reach a decision is to be given at least an opportunity to consider and examine the matter that is disclosed by the file wrapper pertaining to the patent in suit. See Goodyear Tire & Rubber Co. v. Ray-O-Vac Co., 321 U.S. 275, 64 S.Ct. 593, 88 L.Ed. 721; Atlantic Works v. Brady, 107 U.S. 192, 200, 2 S.Ct. 225, 27 L.Ed. 438.

Accordingly, the order heretofore entered after trial on the merits is hereby vacated and set aside, and this action is again placed upon the trial calendar for resetting upon all issues herein under the pleadings and in accordance with the views expressed in this memorandum. Counsel for respective parties will appear before the court in Courtroom Number 8 on Monday, April 4, 1949, at 10:00 A.M., at which time this action will be reset for a specific date.

Conclusions of the Court and
Memorandum of Decision.
August 3, 1949.

This is an action for the alleged infringement of United States Letters Patent No. 1,855,534, granted April 26, 1932, upon an application filed April 14, 1930, for "Turret-Type Hangar for Airplanes."

The cause is before us for a second time. Submission after a prior hearing heretofore having been vacated and the case reopened for reasons stated in our memorandum filed March 29, 1949, reference thereto being hereby made. See Sinclair & Carroll v.

Interchemical Corporation, 325 U.S. 327, 65 S.Ct. 1143, 89 L.Ed. 1644.

The pleadings have been enlarged from their initial state and additional evidence has been offered and received as will appear from the records of the clerk and the official reporter.

The attorneys for the respective parties have filed additional written arguments in amplification of the record made in the case at the initial trial.

The issuance of the patent is in the nature of prima facie evidence of validity, novelty and utility. Bianchi v. Barili, 9 Cir., 1948, 168 F.2d 793. The weight, however, that is to be judicially attached to the patented combination at issue is not only dependent upon the completeness of the Patent Office examination, but also to additional prior art references and to the probative factors that have been introduced in the trial of the action.

It should be noted in this case that the File Wrapper and Contents indisputably shows that the Patent Office rejected any broad claims of discovery or invention as residing in the Williams combination, and while it is somewhat difficult to understand why in the light of the cited references to Trask Patent No. 1,582,099, granted April 21, 1926, as well as to the earlier foreign patent to Tuchscherer, the patent was ultimately granted, nevertheless it is thereby presumptively invested with validity and we so consider it.

But from other factors in evidence before us, that were not before the Patent Office, we are convinced that because of the proven narrow range of the one claim of the patent there has been no infringement by the defendants in making, erecting or using the accused revolving hangar at Central Airport near Compton, California, or in the fabricating, selling or offering to sell such embodiment of airplane hangars to others.

Primarily it is to be observed that the record is barren of any evidence of commercial success of the patented combination in suit or of its having met a recognized need in the field of housing airplanes, therefore such features which sometimes operate to buttress an otherwise doubtful invention are of no materiality in the problem before the Court.

Upon consideration of the turntable patents to Verplanck, Wright and Bowen, which show the generally wide adaptability of the conventional turntable apparatus for housing transportation units and assemblies; the instructive teachings of the airplane hangar "Watt" patent and that of "Irwin" for building construction especially for garages, we find substantially all of the elements, except one hereafter mentioned, of the Williams combination and it is entirely this one absent element in old turntable combinations that has operated to induce the Patent Office to issue the patent in suit.

This new element of the combination is to be found in the Williams feature of a central post supporting the top of the building from a stationary center. But we think that this central supporting post in the light of the disclosures and teaching of the central vertical shaft extending axially through a hub and to the top of the building as specified and claimed in the Trask Patent No. 1,582,099, together with the knowledge which a skilled mechanic would employ in fashioning roof support over a turntable located completely in a building construction divests this central supporting post element of any inventive qualities in the combination patent to Williams, but even if this central post feature could be regarded as attributing discovery or invention to the Williams combination, it is probably insufficiently claimed in the patent under the recent decision of the Supreme Court in Halliburton Oil Well Cementing Co. v. Walker, 329 U.S. 1, 67 S.Ct. 6, 91 L.Ed. 3.

We conclude under the record before us that the Williams Patent No. 1,855,534 for turret-type hangars for airplanes is invalid and not infringed by defendants' revolving hangar which the Court examined and inspected at Central Airport near Compton, California.

Upon the issue of infringement we find that the means employed to support the turntable are essentially dissimilar in the

accused hangar of the defendants and the combination specified and claimed in the patent in suit, and we also find a clear differentiation in the means used to rotate the turntable in defendants' and those specified and claimed in the patent in suit. There are other turntable features in the accused hangar of defendants which operate to clearly exclude any element of infringement in the defendants' combination in the Central Airport near Compton, California.

Findings of fact and conclusions of law and judgment are accordingly ordered for defendants with costs upon both issues of the validity of the patent in suit and the infringement by defendants. Attorneys for defendants will prepare, serve and present same within five days from date hereof.